IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| N. DEL RIO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-896 |
| | § | |
| THE STATE OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

The plaintiff, Victor Del Rio, filed a *pro se* motion for intervention of right. He appears to ask this court to order the United States to intervene to require the State of Texas to return Del Rio's son to his custody and to require the State to provide temporary financial assistance to Del Rio and his son, as well as damages to allow the child to "realize his goals of becoming a genuinely marketable comic book artist, musician, 3D animator, father, homeowner, etc., with Victor Del Rio receiving a percentage as Conservator." (Docket Entry No. 2, p. 13). In the complaint, Del Rio alleges that Tracey Del Rio had conspired with others to inflict "brain damages" and "fatal brain seizures" in the child to "cause him autistic-like symptoms that would be exploited in order for Tracey Del Rio to receive social security disability and long term child support" on the child's behalf. He alleges an illegal scheme to award Tracey Del Rio full custody of the child.

Del Rio has a long history of filing different suits to challenge the Family Court award of full custody of his son to the child's mother, Tracey Del Rio. The courts have repeatedly dismissed his cases. *See, e.g.*, *Del Rio v. Denise Drexler*, 4:08cv2366; 3:08cv2710; *Del Rio v. Del Rio*, 4:09cv79; *Del Rio v. Del Rio*, 4:09mc76. Del Rio has also filed suits against the Texas Attorney General State

of Texas (*N. Del Rio v. Gregory Abbott*, 4:11cv1150; *Victor Del Rio v. Greg Abbott, et al.*, 4:09cv3015), and the United States (4:09cv3711, 4:09cv3781). Each of these cases has been dismissed. In 2009, a judge in the Southern District of Texas, Houston Division, ordered that Del Rio not file another suit with paying the costs.

Del Rio's complaint is frivolous because it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *McDonald v. Johnson,* 139 F.3d 1056, 1060 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)). A complaint is factually frivolous if it alleges "clearly baseless" facts, including allegations that are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. at 32-33 (1992); *Gartrell v. Gaylor*, 981 F.2d 254, 259 (5th Cir. 1993). *In forma pauperis* complaints may be dismissed as frivolous if they seek to relitigate claims that the plaintiff previously litigated to adverse judgment. *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989). Del Rio's suit is frivolous on all three grounds. In addition, he filed it in violation of the 2009 order precluding him from proceeding without paying costs.

This suit is dismissed, with prejudice, as frivolous. Del Rio is admonished that continued filing of frivolous suits may lead to sanctions, including money penalties.

SIGNED on August 30, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge